IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAYLOR DIVINE, | |
| Plaintiff, | |
| vs. | Case No. 17-cv-8127 |
| VOLUNTEERS OF AMERICA OF ILLINOIS and VOLUNTEERS OF AMERICA, INC., | |
| Defendants. | |

### PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff Taylor Divine by her undersigned counsel, and for her Complaint, states as follows:

### NATURE OF THE CASE

1. This is a collective action alleging that Taylor Divine ("Divine") and similarly situated employees were misclassified as exempt employees under federal wage and hour law. Defendants treated Divine as an exempt employee during her initial period of employment when she was employed as a Case Aide. Although Divine did not meet the duties test for the learned professional exemption while employed as a Case Aide, Defendants treated her as exempt and did not pay her overtime for hours she worked in excess of 40 in a workweek. Later, in her employment, when working as a Case Manager or Case Worker, although again she did not meet the duties test for the learned professional exemption, she was compensated as a salary exempt employee and not paid overtime compensation due and owing to her for substantial hours of overtime which she worked.

### PARTIES

2. Plaintiff Taylor Divine is an adult resident of Illinois.

3. Defendant Volunteers of America of Illinois ("VOA-IL") is organized under the laws of the state of Illinois and was, at all relevant times, Plaintiff's employer.

4. Defendant Volunteers of America, Inc. ("VOA") is a corporation organized under the laws of the state of Kentucky and was, at all relevant times, Divine's employer.

5. Upon information and belief, VOA-IL and VOA have an arrangement by which they share employee's services; one employer acts in the interest of the other in relation to the employee; or VOA-IL and VOA share control of the employee, directly or indirectly, because VOA-IL is controlled by VOA, or is under common control with VOA.

6. Alternatively, as a matter of economic reality, Divine was economically dependent upon both VOA-IL and VOA. Both VOA-IL and VOA had at least indirect authority to direct, control or supervise Divine's work. Both VOA-IL and VOA had at least indirect authority to hire or fire Divine, change her employment conditions or determine the rate and method of pay.

7. Divine's work was integral to both VOA-IL and VOA's business.

8. Upon information and belief, both VOA-IL and VOA performed functions for the employee typically performed by employers.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

10. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

**FACTS**

11. Divine was hired as a Case Aide and commenced employment in this position on or about September 19, 2016.

12. Divine, while employed as a Case Aide, was treated as exempt from minimum wage and overtime, allegedly based upon the learned professional exemption.

13. The duties which Divine performed as a Case Aide did not satisfy the duties test for any of the exemptions from overtime, including the learned professional exemption.

14. Divine worked substantial overtime hours while employed as a Case Aide.

15. Divine, at no time, was paid overtime while employed by Defendants as a Case Aide.

16. Divine was promoted and, on or about November 1, 2016, she began training for her new position. On or about December 1, 2016, she commenced working in her new position.

17. During approximately the remaining four months of her employment with Defendants – from approximately November 1, 2016 to March 1, 2017, Divine, at times, was referred to as a Case Worker, at other times as a Case Manager, and at other times as a Child Welfare Worker.

18. Divine's offer letter referred to her position as Case Manager.

19. Divine was given business cards referring to her position as Case Manager.

20. In Divine's e-mail signature block, she was referred to as Case Manager.

21. In Divine's personnel file, there is a position description for Child Welfare Worker.

22. Throughout Divine's employment with Defendants, she was classified as exempt from overtime under the learned professional exemption.

23. Divine, and those similarly situated, did not meet the duties test for the learned professional exemption.

24. Following Divine's promotion, after initial training, she worked a substantial number of overtime hours.

25. Defendants did not pay Divine, and similarly situated employees, time-and-a-half the regular rate of pay for overtime hours worked in the promoted position.

## COLLECTIVE ACTION ALLEGATIONS

26. The class definition for the Case Aide Class is: employees of Defendants who held positions of Case Aide, Case Assistant, or similar positions at any time after three years prior to the filing of the present Complaint and who were classified as exempt from overtime and minimum wage requirements of the FLSA ("Aide Class").

27. The class definition for the Case Manager/Case Worker is: employees of Defendants who held positions of Case Manager, Case Worker, Child Welfare Worker, or similar positions at any time after three years prior to the filing of the present Complaint and who were classified as exempt from overtime and minimum wage requirements of the FLSA ("Case Manager/Case Worker Class").

28. Defendants employed individuals as Case Aides, Case Assistants, or similar positions between October 23, 2014 and the present.

29. Defendants treated some, or all, of these Case Aides and Case Assistants as exempt from federal overtime requirements.

30. Employees in Case Aide or Case Assistant positions did not satisfy the duties test or salary basis test under the applicable learned professional exemption.

31. The number of Aides is so numerous that it is appropriate to treat this matter as a collective class.

4

32. Members of the Aide collective class are similarly situated because:

   a. All were misclassified as exempt;

   b. All performed primary duties which do not satisfy the duties test of the learned professional exemption;

   c. All do not satisfy the salary basis test of the learned professional exemption; and

   d. All worked overtime hours and were not paid time--and-a-half the regular rate of pay for hours worked in a workweek exceeding 40 hours.

33. Defendants employed individuals as Case Managers, Case Workers, or in similar positions between October 23, 2014 and the present.

34. Defendants treated some, or all, of these Case Managers and Case Workers as exempt from federal overtime requirements.

35. Employees in the Case Manager, Case Worker or similar positions did not satisfy the duties test under the applicable learned professional exemption.

36. The number of employees in the Case Manager, Case Workers or similar positions is so numerous that it is appropriate to treat this matter as a collective class.

37. Members of the Case Manager/Case Worker collective class are similarly situated because:

   a. All were misclassified as exempt;

   b. All performed primary duties which do not satisfy the duties test of the learned professional exemption;

   c. All worked overtime hours and were not paid time-and-a-half the regular rate of pay for hours worked in a workweek exceeding 40 hours.

**FIRST CAUSE OF ACTION – FAILURE TO PAY OVERTIME TO THE AIDE CLASS IN VIOLATION OF THE FLSA**

38. Plaintiff re-alleges and incorporates paragraphs 1-37 of the Complaint above.

39. Divine is an employee under the FLSA.

5

40. Defendants are employers under the FLSA.

41. Divine was employed by Defendants initially as a Case Aide.

42. During Divine's employment as a Case Aide, she was classified as an employee exempt from the overtime requirements of the FLSA under the learned professional exemption.

43. Divine did not meet the duties requirement for the learned professional exemption.

44. Divine did not meet the salary basis test for the learned professional exemption.

45. Defendants misclassified Divine as an exempt employee.

46. While employed as an Aide, Divine worked in excess of 40 hours in a workweek but was not paid at time-and-a-half her regular rate of pay for hours worked in excess of 40 in a workweek.

47. Defendants violated the FLSA by failing to pay Divine overtime for hours worked in excess of 40 in a workweek.

48. Divine is entitled to recover overtime pay, liquidated damages for Defendants' willful violation of the FLSA, actual reasonable attorney's fees, and statutory costs.

**SECOND CAUSE OF ACTION – FAILURE TO PAY OVERTIME TO MEMBERS OF THE CASE MANAGER/CASE WORKER CLASS IN VIOLATION OF THE FLSA**

49. Plaintiff re-alleges and incorporates paragraphs 1-48 of the Complaint above.

50. Divine is an employee under the FLSA.

51. Defendants are employers under the FLSA.

52. Defendants promoted Divine, effective November 1, 2016, to a position which Defendants alternatively referred to as Case Manager, Case Worker, and Child Welfare Worker.

53. During Divine's employment as a Case Manager/Case Worker, she was classified as an employee exempt from the overtime requirements of the FLSA under the learned professional exemption.

54. Divine did not meet the duties requirement for the learned professional exemption.

55. Defendants misclassified Divine as an exempt employee.

56. While employed as a Case Manager/Case Worker, Divine worked in excess of 40 hours in a workweek but was not paid at time-and-a-half her regular rate of pay for hours worked in excess of 40 in a workweek.

57. Defendants violated the FLSA by failing to pay Divine overtime for hours worked in excess of 40 in a workweek.

58. Divine is entitled to recover overtime pay, liquidated damages for Defendants' willful violation of the FLSA, actual reasonable attorney's fees, and statutory costs.

WHEREFORE, Plaintiff requests the following relief:

A. A jury trial on all issues which are entitled to be tried to a jury;
B. Conditional and final certification as a collective action;
C. Appointment of Divine as the collective representative and the law firms of Gingras, Cates & Wachs and Axley Brynelson, LLP as class counsel for the collective class;
D. Award of overtime pay to collective members;
E. Declaration that Defendants' violation of the FLSA was willful, entitling the collective class to a three-year statute of limitations and liquidated damages;
F. Award of liquidated damages to all collective action members;
G. A permanent injunction prohibiting Defendants from continued misclassification of the effected positons;
H. Reasonable and actual attorney's fees;
I. Statutory costs; and
J. Such other legal an equitable relief that the Court deems proper.

Dated: November 9, 2017                    Respectfully submitted,

                                           s/ *Justin H. Lessner*
                                           Justin H. Lessner (Bar No. 6290045)
                                           Michael J. Modl
                                           **AXLEY BRYNELSON, LLP**
                                           2 E. Mifflin Street, Suite 200
                                           Madison, WI 53703
                                           Tel: (608) 257-5661
                                           Fax: (608) 257-5444
                                           jlessner@axley.com
                                           mmodl@axley.com

                                           s/ *Paul A. Kinne*
                                           Paul Kinne
                                           **GINGRAS, CATES & WACHS**
                                           8150 Excelsior Drive
                                           Madison, WI 53717
                                           Tel: (608) 833-2632
                                           Fax: (608) 833- 2874
                                           kinne@gcwlawyers.com

                                           *Attorneys for Plaintiff Taylor Divine*