UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAYLOR DIVINE, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> VOLUNTEERS OF AMERICA OF ) <br> ILLINOIS, ) <br> ) <br> **Defendant.** ) | No. 17 C 8127 <br><br> **Chief Judge Rubén Castillo** |

## MEMORANDUM OPINION AND ORDER

Taylor Divine ("Plaintiff") brings this putative class action against her former employer, Volunteers of America of Illinois ("Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 216(b), and the Illinois Minimum Wage Law ("IMWL"), 820 ILL. COMP. STAT. § 105/1. (R. 39, Am. Compl.) Defendant brings a counterclaim alleging that Plaintiff violated the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, by accessing Defendant's email system without proper authorization. (R. 44, Def.'s Answer & Countercl. ¶¶ 16-23.) Defendant moves to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to strike Plaintiff's prayer for declaratory relief. (R. 41, Def.'s Mot. to Dismiss at 1.) Defendant separately moves to strike Plaintiff's affirmative defenses to Defendant's SCA counterclaim. (R. 48, Def.'s Mot. to Strike.) For the reasons stated below, the Court denies Defendant's motion to dismiss or to strike Plaintiff's request for declaratory relief, and grants Defendant's motion to strike Plaintiff's affirmative defenses.

## BACKGROUND

On or about September 19, 2016, Plaintiff was hired as a "case aide" by Defendant. (R. 39, Am. Compl. ¶ 6.) Plaintiff contends that while working as a case aide, she was classified

as exempt from overtime requirements, allegedly based upon the "learned professional" exemption. (*Id.* ¶ 7.) Plaintiff claims that the duties she performed as a case aide did not satisfy the learned professional exemption. (*Id.* ¶ 8.) Plaintiff asserts that she was not paid overtime while employed by Defendant as a case aide despite working a "substantial" number of overtime hours. (*Id.* ¶¶ 9-10.)

On or about November 1, 2016, Plaintiff was promoted and began training for a new position as a "case manager." (*Id.* ¶ 15.) Plaintiff started working in this position on or about December 1, 2016. (*Id.* ¶¶ 13-15.) She claims that during this period, she again worked a "substantial" number of overtime hours without any additional pay. (*Id.* ¶ 16.) Plaintiff claims that Defendant classified the case manager position as exempt from overtime requirements under the learned professional exemption, even though the duties of a case manager did not satisfy the test for the exemption. (*Id.* ¶¶ 17-18.)

Based on these allegations, Plaintiff brought this action on November 9, 2017, on behalf of herself and other similarly situated case aides and case managers. (R. 1, Compl.) On February 14, 2018, she filed an amended complaint asserting claims under the FLSA and IMWL. (R. 39, Am. Compl.) On February 26, 2018, Defendant answered Plaintiff's amended complaint and filed its counterclaim (R 44, Def.'s Answer & Countercl.) On February 28, 2018, Plaintiff answered Defendant's counterclaim and asserted various affirmative defenses. (R. 45, Pl.'s Answer & Affirm. Defenses.)

Defendant now moves to dismiss Plaintiff's amended complaint or, alternatively, to strike her prayer for declaratory relief. (R. 42, Def.'s Mem. in Supp. of Mot. to Dismiss.) Defendant argues that Plaintiff fails to state a claim under either the FLSA or the IMWL because her amended complaint contains only conclusory allegations regarding the number of hours she

2

worked and other matters. (*Id.* at 1.) Defendant further contends that even if Plaintiff states a claim, she cannot seek declaratory relief because there is no suggestion that she is in "immediate danger of sustaining some direct injury." (*Id.*) In response, Plaintiff argues that she adequately asserted claims under both the FLSA and the IMWL, and that her request for declaratory relief is proper. (R. 52, Pl.'s Resp. to Mot. to Dismiss at 2.)

Defendant separately moves to strike Plaintiff's affirmative defenses. (R. 48, Def.'s Mot. to Strike.) Defendant argues that Plaintiff's affirmative defenses are either legally invalid or not adequately pleaded. (*Id.* at 1-2.) In response, Plaintiff contends that her affirmative defenses are legally viable and properly pleaded. (R. 57, Pl.'s Resp. to Mot. to Strike at 6.) Both motions are now fully briefed and ripe for adjudication.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation, internal quotation marks, and alteration omitted).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are "generally disfavored" because they may unnecessarily delay the proceedings. *Siegel v. HSBC Holdings, plc.*, 283 F. Supp. 3d 722, 730 (N.D. Ill. 2017)

3

(citation omitted). However, a motion to strike is proper "when it serves to remove unnecessary clutter" and thereby expedites the case. *Id.* (citation omitted). Affirmative defenses subject to a motion to strike are examined using a three-part test: (1) the defense must be a proper affirmative defense, (2) it must be adequately pleaded under Rules 8 and 9; and (3) it must be able to withstand a Rule 12(b)(6) challenge. *Hughes v. Napleton's Holdings, LLC*, No. 15 C 50137, 2016 WL 6624224, at *2 (N.D. Ill. Nov. 9, 2016).

## ANALYSIS

### I. Defendant's Motion to Dismiss

#### A. Plaintiff's Overtime Claims

Defendant first contends that Plaintiff fails to state a claim for relief because the amended complaint contains no "facts" that would make her claims for unpaid overtime plausible. (R. 42, Def.'s Mot. to Dismiss at 1.) The Court disagrees. "Ever since their adoption in 1938, the Federal Rules of Civil Procedure have required plaintiffs to plead *claims* rather than facts corresponding to the elements of a legal theory." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). Thus, "it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Id.* Rather, "[a] full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order." *Id.* All that is required at the pleading stage is enough detail to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Plaintiff meets that standard.

The FLSA and IMWL both require employers to pay employees one and one-half times their regular hourly wage for hours worked beyond forty hours a week, unless an exemption

4

applies.[1] *See* 29 U.S.C. § 207(a)(1); 820 ILL. COMP. STAT. § 105/4a(1). Plaintiff alleges that she was employed by Defendant as a case aide between September 2016 and November 2016, and during this period worked a substantial number of overtime hours without any overtime pay. (R. 39, Am. Compl. ¶¶ 6-11.) She further alleges that between December 2016 and March 2017, she worked for Defendant as a case manager, and again worked a substantial number of overtime hours without any additional pay. (*Id.* ¶¶ 12-20.) She claims that during the entirety of her employment, Defendant applied a blanket overtime exclusion for case aides and case managers, based on Defendant's view that these positions qualified as "learned professionals." (*Id.* ¶ 17.) Plaintiff asserts that these positions do not meet the test for the learned professional exemption. (*Id.* ¶ 18.) The Court finds that these allegations, taken together, are sufficient to assert a plausible claim for overtime pay. *See, e.g., Hancox v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 17-CV-01821, 2018 WL 3496086, at *3 (N.D. Ill. July 20, 2018) (finding that plaintiff adequately stated a claim for overtime pay where she alleged that for a two-year period "she worked more than 40 hours in a workweek during 30 to 35 pay periods" and "was never paid proper overtime wages" because there is "no requirement . . . that a FLSA plaintiff identify, by date, the specific weeks in which she was undercompensated"); *Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12 CV 5710, 2013 WL 5304100, at *6 (N.D. Ill. Sept. 19, 2013) ("FLSA claims generally and in this instance are fairly straightforward and do not require plaintiffs to plead infinitesimal details to render them plausible or provide defendants with fair notice of the claims against them."); *Victoria v. Alex Car Inc.*, 2012 WL 1068759, at *5 (N.D Ill. 2012) (finding "no rule of law that requires Plaintiffs to allege their hourly wage, the dates on which the alleged

---

[1] "[B]ecause the IMWL parallels the FLSA," courts generally use the same analysis to decide FLSA and IMWL claims. *See Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 784 (N.D. Ill. 2011). For expediency, the Court refers to the two statutes collectively throughout this opinion.

5

violations took place, or the specific tasks they performed off the clock" to survive dismissal of claim for overtime pay).

Defendant relies heavily on *Hughes v. Scarlett's G.P., Inc.*, No. 15-cv-5546, 2016 WL 4179153 (N.D. Ill. 2016), for the proposition that Plaintiff's allegations are inadequate. (R. 42, Def.'s Mot. to Dismiss at 2-4; R. 56, Def.'s Reply in Supp. of Mot. to Dismiss at 2-3.) However, the Court finds *Hughes* distinguishable. Much of the discussion in *Hughes* about the sufficiency of the plaintiffs' allegations pertained to the plaintiffs' *minimum wage* claims, not their overtime claims.[2] *See Hughes*, 2016 WL 4179153, at *2-3; *see also Martinez v. Citizen's Taxi Dispatch, Inc.*, No. 16 CV 10389, 2017 WL 2311231, at *5 (N.D. Ill. May 26, 2017) (declining to rely on *Hughes* in overtime case because *Hughes* primarily "discuss[ed] pleading standards in the context of minimum wage allegations rather than uncompensated overtime claims"). As to the overtime claims, the court in *Hughes* noted that the plaintiffs failed to identify "a single instance of any named plaintiff working more than forty hours in a week without due compensation[.]" *Hughes*, 2016 WL 4179153, at *3. They also attached several exhibits to their complaint that suggested they had worked far less than 40 hours a week during the relevant period, thus "call[ing] into question the plausibility of Plaintiffs' overtime wage allegations." *Id.*

Here, by contrast, Plaintiff alleges that between September 2016 and March 2017, she regularly worked a substantial amount of overtime hours in two different positions and was never paid overtime because Defendant allegedly misclassified those positions as being exempt from overtime requirements. (R. 39, Am. Compl. ¶¶ 8, 18.) Unlike the plaintiffs in *Hughes*, she

---

[2] It is true, as Defendant points out, that courts require greater detail when plaintiffs are asserting a minimum wage claim. *See Hancox v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 17-CV-01821, 2018 WL 3496086, at *3 (N.D. Ill. July 20, 2018); *Hirst v. SkyWest, Inc.*, 283 F. Supp. 3d 684, 691 (N.D. Ill. 2017). However, Plaintiff does not assert a minimum wage claim in the amended complaint. (*See* R. 39, Am. Compl. ¶¶ 50, 60, 65, 75.)

attaches nothing to the amended complaint that would undermine these allegations. The Court concludes that Plaintiff adequately states a claim for relief under the FLSA and IMWL. This aspect of the motion is denied.

## B. Plaintiff's Request for Declaratory Relief

Defendant alternatively argues that Plaintiff's request for declaratory relief should be stricken because it "fails as a matter of law." (R. 42, Def.'s Mem. in Supp. of Mot. to Dismiss at 5.) In essence, Defendant takes issue with one line at the end of the amended complaint where Plaintiff seeks a "[d]eclaration that Defendant's violation of the FLSA was willful, entitling the collective class to a three-year statute of limitations and liquidated damages." (R. 39, Am. Compl. at 12.) Defendant argues that "[a]t best," this request is "confusing and improper," because "the statute of limitations applicable to the claims is not a matter for declaratory relief." (R. 56, Def.'s Reply in Supp. of Mot. to Dismiss at 4-5.) The Court finds Defendant's argument unpersuasive.

Under the FLSA, if an overtime violation is determined to be willful, a three-year rather than a two-year statute of limitations applies, effectively extending the period for which a plaintiff can obtain damages. 29 U.S.C. § 255(a). Plaintiff has alleged that Defendant's FLSA violations were willful. (R. 39, Am. Compl. ¶¶ 51, 61.) Plaintiff will ultimately bear the burden of proving that Defendant's conduct was willful, but that is a matter for the trier of fact to decide at a later stage. *See Bankston v. Illinois*, 60 F.3d 1249, 1253 (7th Cir. 1995). Normally the willfulness determination is made by a jury, *id.*, but where the facts are undisputed, the determination can be made by the Court on summary judgment. *See generally Howard v. City of Springfield*, 274 F.3d 1141, 1144 (7th Cir. 2001); *Reynoso v. Motel LLC*, 71 F. Supp. 3d 792, 799 (N.D. Ill. 2014). At the pleading stage, however, all that is required is a general allegation

that the defendant's actions were willful. *See Diaz v. E&K Cleaners, Inc.*, No. 16-CV-07952, 2018 WL 439120, at *4 (N.D. Ill. Jan. 16, 2018) ("[C]ourts in this district have determined that bare allegations of willfulness are sufficient to stave off statute of limitations challenges at the pleadings stage."). Indeed, "[w]illfulness is an issue that is particularly within the province of the defendants, and FLSA plaintiffs are unlikely to be able to prove a claim of willfulness without access to some discovery."[3] *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1135 (N.D. Ill. 2017). Plaintiff's allegations are not detailed, but she has satisfied notice pleading standards as to her claim that Defendant's conduct was willful.

If Plaintiff and the other class members ultimately succeed in proving an overtime violation at trial, the FLSA mandates that the Court impose liquidated damages against Defendant in an amount equal to the unpaid overtime payments that are owed. *See* 29 U.S.C. § 216(b). The Court has discretion to "reduce liquidated damages (or award none at all) 'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act.'" *Tomeo v. W&E Commc'ns, Inc.*, No. 14 C 2431, 2016 WL 8711483, at *13 (N.D. Ill. Sept. 30, 2016) (quoting 28 U.S.C. § 260). The Court does not read Plaintiff's prayer for relief to be demanding an immediate determination of willfulness or to be asking the Court to usurp the role of the jury. Instead, it is apparent that she

---

[3] Notably, whether a two- or three-year statute of limitations applies in this case will impact not only Plaintiff but also the potential class members. *See generally Young v. Rolling in the Dough, Inc.*, No. 17 C 7825, 2018 WL 1240480, at *3 (N.D. Ill. Mar. 8, 2018) (rejecting defendants' argument that class notice should only be sent to employees employed within the last two years because "Plaintiff has properly alleged willful violations of the FLSA, which [have] a three year statute of limitation"); *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1135 (N.D. Ill. 2017) ("[I]n the context of a collective action—where, unlike a class action—the claims of prospective members of the collective are not tolled by the filing of the action and continue to run until an opt-in notice is filed, it is both unnecessary and unfair to require plaintiffs to prove the 'willfulness' of the defendants' alleged actions [which impacts the applicable statute of limitations] before permitting [class] notice.").

8

is simply trying to preserve her rights and those of the putative class. The Court finds no basis to strike this language.

Defendant also argues that Plaintiff cannot seek declaratory relief because she "has not and cannot allege she is in immediate danger of a direct injury," as she is no longer employed by Defendant. (R. 56, Def.'s Reply in Supp. of Mot. to Dismiss at 5.) The Court finds this argument misplaced. It is true that former employees lack standing to pursue *injunctive* relief related to the employer's practices because they are no longer in "danger of future harm" from such practices. *Brown v. Cty. of Cook*, 549 F. Supp. 2d 1026, 1032 (N.D. Ill. 2008) (former employee lacked standing to seek permanent injunctive relief enjoining defendants from engaging in certain employment practices). But there is a distinction between declaratory relief and injunctive relief. *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 121-22 (1974); *see also Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763 (7th Cir. 2003) (observing that declaratory relief is normally just a "prelude to a request for other relief, whether injunctive or monetary"); *FDIC v. Urban P'ship Bank*, No. 17-CV-1517, 2018 WL 2021223, at *8 (N.D. Ill. May 1, 2018) ("Declaratory relief is not necessarily either equitable or legal in nature."). Even where circumstances have changed such that injunctive relief is no longer viable, declaratory relief may still be appropriate. *Super Tire Eng'g Co.*, 416 U.S. at 121-22.

Plaintiff is not seeking an injunction in this case, preliminary or otherwise, and instead is seeking a determination that she is owed overtime pay and other damages. The fact that she is no longer employed by Defendant does not mean she cannot collect overtime for the period she *did* work for Defendant. *See, e.g., In re Jimmy John's Overtime Litig.*, No. 14 C 5509, 2018 WL 3231273, at *2 (N.D. Ill. June 14, 2018) (class action brought by a group of former employees for overtime violations); *Osorio v. Tile Shop, LLC*, No. 15 C 15, 2018 WL 1453552, at *1 (N.D.

9

Ill. Mar. 23, 2018) (FLSA claim of former employee for overtime violations); *Kim v. Hakuya Sushi, Inc.*, No. 15 C 3747, 2017 WL 4021231, at *1 (N.D. Ill. Aug. 17, 2017) (same). Whether Plaintiff is entitled to such relief cannot be determined at this early stage, but the Court declines to preclude her from seeking relief to which she and the putative class members may be entitled. Defendant's motion to dismiss or strike is denied.

## II.  Motion to Strike Plaintiff's Affirmative Defenses

Defendant's other motion seeks to strike Plaintiff's affirmative defenses raised in response to Defendant's SCA claim. (R. 48, Def.'s Mot. to Strike.) The crux of Defendant's counterclaim is that Plaintiff violated the SCA by forwarding several of her work emails to her own personal account and to an attorney representing her in this case. (R. 44, Def.'s Answer & Countercl. ¶¶ 16-23.) In addition to denying the bulk of Defendant's allegations, Plaintiff asserts five separate affirmative defenses. (R. 45, Pl.'s Answer & Affirm. Defenses at 3-4.) Defendant argues that all of the affirmative defenses should be stricken. (R. 48, Def.'s Mot. to Strike at 1-2.) The Court agrees with Defendant.

"An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D. Ill. 2011). Federal Rule of Civil Procedure 8(c) specifically enumerates certain matters that must be pleaded as affirmative defenses, such as "assumption of risk," "duress," "statute of limitations," "waiver," and "res judicata." FED. R. CIV. P. 8(c)(1). Additionally, the SCA itself contains specified defenses to liability: "(1) a court warrant or order, a grand jury subpoena, a legislative authorization . . . , (2) a request of an investigative or law enforcement under 2518(7) of the title; or (3) a good faith determination that section 2511(3) of this title permitted the conduct

10

complained of[.]"[4] 18 U.S.C §2707(e). Plaintiff's affirmative defenses do not fall into any of these categories.

Plaintiff's first affirmative defense is stated as follows: "Defendant's Counterclaims are asserted solely in retaliation for Plaintiff exercising her rights under federal and state law." (R. 45, Pl.'s Answer & Affirm. Defenses ¶ 1.) This is not an affirmative defense listed under Rule 8(c), nor is it a defense listed in the SCA. Plaintiff has cited no case law suggesting that retaliation presents a valid affirmative defense to an SCA claim. Instead, she argues generally that she pleaded this defense "out of an abundance of caution" so as not to "face an argument that she waived such a claim" at some later stage. (R. 57, Pl.'s Resp. to Mot. to Strike at 3.) Plaintiff's affirmative defense of "retaliation" is not a recognized defense to an SCA claim, and it is therefore stricken. *See Hughes*, 2016 WL 6624224, at *2 (granting plaintiff's motion to strike affirmative defenses where "defendants have not provided any authority to show these are recognized affirmative defenses to plaintiff's claims").

Plaintiff's second affirmative defense is stated as follows: "Defendant's Counterclaim fails to state a claim upon which relief can be granted." (R. 45, Pl.'s Answer & Affirm. Defenses ¶ 2.) Simply reciting the Rule 12(b)(6) standard is not a proper affirmative defense. *See Hughes*, 2016 WL 6624224, at *3 (finding that defendant's mere recitation of the Rule 12(b)(6) standard was improper and only added unnecessary "clutter" to the case). This affirmative defense is also stricken.

---

[4] The provision referred to in paragraph 3 permits "a person or entity providing electronic communication to the public [to] divulge the contents of any such communication" in certain circumstances, including where the originator consents or where the contents appear to pertain to the commission of a crime. 18 U.S.C. § 2511(3).

11

Plaintiff's third affirmative defense is stated as follows: "Plaintiff denies that she intentionally violated the [SCA] or any other law." (R. 45, Pl.'s Answer & Affirm. Defenses ¶ 3.) Likewise, her fourth affirmative defense states: "Plaintiff denies that she acted without authorization to allegedly access any electronic communication or electronic communication facility through which an electronic communication service is provided." (R. 45, Pl.'s Answer & Affirm. Defenses ¶ 4.) These are simply denials of Defendant's allegations, whereas a true affirmative defense "requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability[.]" *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 906 (N.D. Ill. 2006) (citation omitted). Plaintiff's general denials do not meet that standard. *See Hughes*, 2016 WL 6624224, at *4 (striking affirmative defense that was simply a denial of the allegations in the complaint). They are also duplicative of her answer, wherein she denies having knowingly accessed Defendant's email system without authorization. (*See* R. 44, Pl.'s Answer ¶¶ 13, 19-22, 24.) Therefore, both affirmative defenses are stricken.

Plaintiff's fifth and final affirmative defense is stated as follows: "Affirmatively allege [sic] that Plaintiff will amend her Answer to Defendant's Counterclaims and Affirmative Defenses to include those additional affirmative defenses which are learned through the course of discovery." (R. 45, Pl.'s Answer & Affirm. Defenses ¶ 5.) This is not a proper affirmative defense. *Reis Robotics*, 462 F. Supp. 2d at 907. There is no procedure in the Federal Rules "for reserving a right to plead affirmative defenses at a later date[.]" *Dresser Indus., Inc. v. Pyrrhus AG*, 936 F.2d 921, 928 n.6 (7th Cir. 1991). If, at some later point, Plaintiff sees the need to raise an additional affirmative defense, the proper course is for her to seek leave to amend her answer

under Federal Rule of Civil Procedure 15. *See Reis Robotics*, 462 F. Supp. 2d at 907. This affirmative defense is stricken. For these reasons, Defendant's motion to strike is granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss or, alternatively, to strike Plaintiff's request for declaratory relief (R. 41) is DENIED. Defendant's motion to strike Plaintiff's affirmative defenses (R. 48) is GRANTED. The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle the case. The parties shall appear for a status hearing on August 24, 2018, at 9:45 a.m.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

**Dated: August 8, 2018**

13