**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

TAYLOR DIVINE,

        Plaintiff,

                                    Case No.17-cv-8127

vs.

VOLUNTEERS OF AMERICA OF ILLINOIS,

        Defendant.

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (referenced herein as the "Settlement Agreement") is entered into on this _____ day of _____, 2018 in settlement of the claims asserted in the Complaint and the amended complaint in *Taylor Divine v. Volunteers of America of Illinois*, Case No. 17-CV-8127 ("the Lawsuit") filed against Defendant Volunteers of American of Illinois ("Defendant" or "VOA-IL") by Taylor Divine ("Divine"). In the Lawsuit, Divine asserts claims under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") on her own behalf and on behalf of all other individuals who worked as Case Managers or Case Workers between November 9, 2014 and October 30, 2017 for Defendant. The Parties to the Lawsuit intend to resolve all claims under the IMWL on a class basis pursuant to Fed. R. Civ. P. 23 and to resolve all claims under the FLSA on a collective basis pursuant to 29 U.S.C. §216(b). This Settlement Agreement is intended to fully resolve, discharge and settle the claims asserted in the aforementioned lawsuits, upon and subject to the terms and conditions of this Settlement Agreement.

1. Definitions.  The following terms shall have the meanings as set forth below:

    a. "Class" means Divine and all similarly-situated individuals who worked as Case Managers or Case Workers for VOA-IL between November 9, 2014 through October 30, 2017 ("Class Period").

    b. "Class Counsel" means the law firms of Gingras, Cates & Wachs and Axley Brynelson, LLP.

    c. "Class List" means the list of Class Members, including with regard to each Class Member, his or her name, social security number, and last known mailing address.

    d. "Class Member" or "Class Members" means all persons who fall within the definition of the "Class."

    e. "Collective" means any Class Member who negotiates a settlement check, who shall be deemed to have consented to join and opt into FLSA collective action in the Lawsuit and consented to Class Counsel filing with the Court their consents to join set forth on the back of the Settlement Checks.  All Class Members who negotiate a Settlement Check shall be deemed to release all claims set forth in paragraph 8 of this Agreement, regardless of whether such individual submitted an opt out statement and regardless of whether any of the language on the Settlement Check endorsement is changed, crossed out or deleted.

    f. "Defendant" or "VOA-IL" means Volunteers of America of Illinois, its representatives, successors, assigns, employees, managers, agents, shareholders, officers, directors, and attorneys.

    g. "Effective Date" or "Effective Date of the Settlement Agreement" means the first date by which all of the events and conditions specified in paragraph 11 herein have been met or have occurred and are final.

    h. "Fairness Hearing" means the hearing to determine whether the proposed Class was properly certified and whether the settlement should be finally approved by the Court.

    i. "Final" or "Finality Date" means that the time for filing a notice of appeal has run, or, if such a notice has been filed, the judgment or order has been affirmed and the time for seeking any further review has run, review has been denied, or the decision of the court of appeals has been affirmed.

    j. "Judgment" or "Judgments" means the judgment and order of dismissal to be rendered by the Court in the Lawsuit provided for in paragraph 7.

    k. "Mailing of the Notice of Settlement" means the mailing being sent to the Class referred to in paragraph 9.

    l. "Notice of Settlement" means the Notice of Proposed Class Settlement as provided for in paragraph 6 and 9 herein.

2

m. "Opt Out List" means the list of names and addresses prepared by Class Counsel of the Class Members who have timely requested to opt out of this settlement by filing Request for Exclusion Form.

n. "Payment" or "Payments" means the Settlement Checks paid to Class Members who do not exclude themselves from the Class by submitting a Request for Exclusion Form.

o. "Plaintiff" means Taylor Divine. Plaintiff shall not opt out of this Agreement and her execution of this Stipulation shall signal her agreement to all of the terms of it.

p. "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement, approving the Notice of Proposed Settlement and setting the date of the Fairness Hearing, as provided in paragraph 6 herein.

q. "Released Claims" means those claims being released, relinquished and forever discharged as a result of this settlement as described in paragraph 8.

r. "Release of Claims" means the act of releasing the Released Claims.

s. "Settlement Check" or "Settlement Checks" shall mean the checks issued to the Class Members for their share of the Payments.

t. "Settling Parties" means the Plaintiff and the Class Members (except those Class Members who submit a timely, valid Request for Exclusion Form) and Defendant and, unless so limited herein, his, her, its or their respective executors, representatives, administrators, heirs, beneficiaries, guardians, custodians, predecessors, successors, assigns, current and former affiliates, related entities, parent corporations, subsidiaries, representing successors, employees, managers, agents, officers, directors, and attorneys.

u. "Unknown Claims" means any of the Released Claims which Plaintiff or Class Members do not know exists or suspect exists in his, her, or their favor at the time of the release of the Defendant which, if known, might have affected his, her, or their settlement with and release of the Defendant or might have affected the decision not to object to this Settlement Agreement or any portion or aspect of the Settlement Agreement reached by the Settling Parties.

v. "The Lawsuit" means the Divine Action.

2. The Litigation.

a. On November 9, 2017, Plaintiff filed a Complaint on her own behalf and on behalf of other similarly situated VOA-IL employees alleging a claim under the Fair Labor Standards Act ("FLSA").

b. On February 14, 2018, Plaintiff filed her First Amended Complaint, adding a claim under the Illinois Minimum Wage Law (820 ILCS 105/1, *et seq.*), on her own behalf and on behalf of a Rule 23 class of similarly situated current and former employees.

c.  Plaintiff's federal and state wage and hour claims alleged that Plaintiff and other similarly situated employees were misclassified as exempt from overtime pay.

d.  VOA-IL answered, denying Plaintiff's allegations asserting affirmative defenses and asserting a counterclaim, which Divine answered and denied.

e.  Pursuant to Fed. R. Civ. P. 12(b)(6), VOA-IL moved to dismiss Plaintiff's wage and hour claims, which the Court considered and denied by Order dated August 8, 2018 (Dkt. 62).

f.  The parties conducted discovery on the issue of joint employer and Plaintiff decided to pursue claims against only VOA-IL and not Volunteers of America, Inc.

g.  The Settling Parties engaged in written discovery on the merits, the depositions of corporate designees of Volunteers of America, Inc. and VOA-IL were taken, and the Settling Parties were prepared to move forward with additional depositions on the merits.

h.  The Settling Parties, through legal counsel, engaged in settlement negotiations and, on September 7, 2018, reached an agreement, settling all disputes with the intent to resolve all claims brought in the Lawsuit on a class-wide basis. All negotiations between counsel were at arm's length. The Settling Parties hereby acknowledge that there exists between them a bona fide dispute regarding the validity of both the claims brought and relief sought by the parties in the Lawsuit.

i.  The Lawsuit has not yet been certified as either a class or collective action.

j.  By this Settlement Agreement and subject to the approval of the Court, the Settling Parties agree that a Class may be certified pursuant to Federal Rules of Civil Procedures 23(a) and 23(b)(3) solely for purposes of effectuating this Settlement related to claims under the IMWL and that a collective action may be certified pursuant to 29 U.S.C. § 216(b) solely for purposes of effectuating this settlement related to claims under the FLSA. VOA-IL expressly reserves the right to oppose certification of a class or collective action should the Settlement not become final.

3.  Benefits of the Settlement.

a.  Class counsel have concluded, after substantial investigation, discovery of the facts, settlement negotiations, and careful consideration of the claims, counterclaim and defenses being asserted in the Lawsuit and the substantial costs, delays and uncertainties associated with proceeding, that it is in the best interest of Plaintiff and Class Members to enter into this Settlement Agreement in order to avoid the uncertainties of complex litigation, to assure a benefit to Class Members, and to minimize the need for significant additional litigation. Class Counsel believe that, in consideration of all the circumstances and after considerable arm's-length negotiations, the proposed settlement embodied in this Settlement Agreement is fair, reasonable, and adequate and confers substantial benefits on, and is in the best interests of the Class and each of the Class Members.

b.  Defendant has denied and continues to deny any liability with respect to any of the facts or claims raised against it and has interposed various affirmative defenses, all of which it

continues to believe have legal merit. Nonetheless, Defendant has concluded after substantial investigation, months of extensive settlement negotiations, and careful consideration of the circumstances of the claims and defenses being asserted herein and the substantial costs associated with proceeding, that it is in its best interests to enter into this Settlement Agreement in order to avoid further expense, inconvenience, the burden of this protracted litigation, the risks inherent in uncertain complex litigation, and to avoid the expense and risks inherent in any possible future litigation amongst the Parties raising similar claims.

4. Terms of Stipulation and Agreement of Settlement. The Parties to the Lawsuit, through their respective counsel, agree that, subject to the final approval of the Court, the Plaintiff's and Class Members' claims, all of the claims in the Lawsuit, including the class action and collective action claims, shall be finally and fully settled and compromised and shall be dismissed by agreement with prejudice, and without costs, expenses or an award of attorneys' fees (except as set forth in paragraph 10 herein), within ten (10) days after the final approval of this Settlement Agreement.

5. Administration and Payment of Moneys.

    a. Subject to approval by the Court, the Parties to the Lawsuit agree that Class Counsel will function as the administrator in this matter. Class Counsel agrees to perform all acts required herein of the administrator and to subject themselves, and each of them, to the jurisdiction of the Court for purposes of enforcement of this Settlement Agreement and of the agreement to perform the acts required by this Settlement Agreement. However, Defendant shall be responsible for the Payments set forth in this Agreement.

    b. This Settlement Agreement requires the Defendant to make Payments to the Class Members according to the formula discussed below. The maximum total payment, including all attorneys' fees and costs, and incentive payments, under the Settlement Agreement is Sixty Seven Thousand Dollars (hereinafter the "Settlement Fund"). Money from the Settlement Fund is to be distributed as follows:

        i. Up to $22,333.33 in attorneys' fees and in costs and expenses to Class Counsel, pending the Court's approval of their fee petition, as provided in paragraph 10.

        ii. A total of $2,000 in an "Enhancement Payment" to be paid to Plaintiff individually, in addition to the amount paid to her according to the settlement formula established by Class Counsel. This Enhancement Payment is in addition to the Payment to which the Plaintiff is entitled pursuant to the formula established by Class Counsel. Defendant will provide Plaintiff an IRS Form 1099 for the Enhancement Payment. Plaintiff is responsible for correctly characterizing the Enhancement Payments for tax purposes and for paying any taxes due on the amounts received.

        iii. Payments to the Class Members who do not exclude themselves will be paid out of the portion of the Settlement Fund remaining after deducting the payments to be made pursuant to paragraph 5(b)(i) and (ii) above (hereinafter the "Net

5

Settlement Amount"). Payments will be made by Defendant from the Net Settlement Amount in the amounts provided by Class Counsel to Defendant. Class Counsel shall provide Defendant the amount (before withholding taxes) to be paid as Payments to each Class Member assuming that the Class Member does not file a Request for Exclusion Form. The Payments will be allocated in the following manner to be paid by the Defendant in two (2) separate checks: (1) 50% as a wage distribution; and (2) 50% as liquidated damages or a penalty available under applicable law. Thus, one-half of each of the Payments shall be treated as unpaid wages from which applicable tax withholdings will be deducted, and one half of each Payment shall be treated as non-wage income from which no withholdings will be made. Each Class Member who timely cashes a Settlement Check will receive an IRS Form W-2 with respect to the unpaid wage portion of the Payment. Defendant shall compute, deduct and submit to the appropriate taxing authority all appropriate withholdings from this portion of the Payment. Each Class Member who timely cashes a Payment check will also receive an IRS Form 1099 for the non-wage portion of the Payment. The Form W-2 and Form 1099s shall be issued to the Class Members by the Defendant for the year in which such Payments are made by Class Counsel. Each Class Member will be responsible for correctly characterizing the Payment for tax purposes and for paying any taxes imposed upon them by virtue of the amounts received by them. Class Members shall not be responsible for any employer side taxes as provided in this paragraph.

c. It is the intent of this Settlement that the Payments and Enhancement Payment provided for in this Settlement Agreement are the only payments to be made to the Class Members in consideration for the Release of Claims. After all payments required by this section are distributed and 180 days since issuance of the Payments has expired, the remainder of the Settlement Fund, including the amounts of any unclaimed Payments or uncashed Payment checks, shall revert to and be paid to Defendant ("Reversion"). However, Defendant shall be required to use the Reversion to pay for expenses which are not otherwise covered in its foster care program for direct assistance to children, biological parents or foster parents; and Defendant may not utilize the Reversion for any other purposes. The Settling Parties further agree, to the extent permitted by law, that state laws regarding collection of unpaid wages and unclaimed property shall not be applicable.

d. Defendant shall have no obligation to pay any person or entity except as to: (1) Payments for Class Members who do not timely file a Request for Exclusion Form; (2) the attorneys' fees and costs approved by the Court; (3) the Enhancement Payment approved by the Court; and (4) the employer portion of the withholdings attributable to the portion payable to Class Members as wages.

e. The total of the payments set forth in in this Section shall be collectively referred to herein as the "Settlement Payments."

6. **Entry of Preliminary Approval Order and Notice to the Settlement Class.** As soon as possible, and no later than seven (7) days after the execution of this Settlement Agreement,

the Parties shall jointly submit this Settlement Agreement and Plaintiff shall apply to the Court for entry of a Preliminary Approval Order that will provide for the following:

a. Preliminarily approve this Settlement Agreement as being fair, reasonable, adequate and in the best interests of the Class and a fair and reasonable resolution of a bona fide dispute under both the FLSA and IMWL.

b. Certify a Class under Fed. R. Civ. P. 23(b)(3) for the purpose of effectuating this Settlement Agreement to include Plaintiff and all Class Members.

c. Certify a collective action under 29 U.S.C. §216(b) of the FLSA for the purpose of effectuating this Settlement Agreement to include Plaintiff and all Class Members.

d. Appoint Class Counsel with authority to enter into and effectuate this Settlement Agreement on behalf of the Class.

e. Approve the Notice of Settlement, which is to be sent to all Class Members by First Class Mail.

f. Approve the mailing of a Notice Form, Request for Exclusion Form and the Notice of Settlement to Class Members who are not already parties to the Lawsuit.

g. Require that to be valid all Request for Exclusion Forms be completed, signed, and mailed to Class Counsel and postmarked no later than forty-five (45) after the mailing of the Notice of Settlement.

h. Set a deadline for the filing of the joint memoranda in support of the motion to approve this Settlement Agreement and Plaintiff's Petition to Approve Fee Award of at least seven (7) days prior to the Fairness Hearing.

i. Provide that the mailing of the Notice of Settlement be made within fourteen (14) days after the entry of the Preliminary Approval Order.

j. Provide that objections by any Class Member to this Settlement Agreement shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if said objections are in writing, mailed to Class Counsel, and postmarked no later than forty-five (45) days after the mailing of the Notice of Settlement, with copies of the foregoing objections and all other papers in support of such objections mailed to Defendant's counsel.

k. Provide that Class Counsel shall file all objections and other papers in support of such objections with the Court no later than 65 days after mailing of the Notice of Settlement.

l. Find that the Settling Parties have agreed to the terms of this Settlement Agreement.

m. Find that the Notice of Settlement to be given in accordance with the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Class Members, and fully satisfies the

7

requirements of Federal Rule of Civil Procedure 23(c)(2), the FLSA, and the requirements of due process.

n. Provide that the Class Members, except those who timely submit a Request for Exclusion Form, will be included in and bound by any and all judgments or orders entered or approved by the Court in connection with the settlement, whether favorable or unfavorable to the Class and, upon the entry of judgment, will be permanently barred and enjoined from commencing or prosecuting any Released Claims or participating in any recovery in any forum in which any of the Released Claims are asserted or pursued (including FLSA claims insofar as the Class Members negotiate their Settlement Checks).

o. Schedule a Fairness Hearing to be held by the Court no less than ninety (90) days and no more than one hundred five (105) days after the entry of the Preliminary Approval Order to consider and determine whether the proposed settlement, as set forth in the Settlement Agreement, should be approved as fair, reasonable and adequate to the Class, and whether Judgment should be entered.

p. Provide that at or after the Fairness Hearing, the Court shall determine whether the settlement should be approved and enter an order thereon.

q. Provide that the Fairness Hearing may, from time to time and without further notice to the Class, be continued or adjourned by order of the Court.

r. Provide that Defendant shall file a certificate with the Court of its compliance with 28 U.S.C. § 1715's notice requirements within 10 days of the Preliminary Approval Order.

s. Provide that, on the date of the entry of the Judgment in the Lawsuit, Plaintiff and all Class Members who have not timely submitted a Request for Exclusion Form in accordance with this paragraph 6 and its subparts shall be barred from asserting any of the Released Claims against Defendant and shall conclusively be deemed to have released, relinquished and forever discharged any and all such Released Claims as against Defendant (including FLSA claims insofar as such Class Members negotiate their Settlement Checks).

7. The Judgment and Order of Dismissal. Upon the final approval of this Settlement Agreement, Judgment in the Lawsuit shall be entered providing for, among other things: (a) determination that the certification of the class was appropriate for the purpose of effectuating this Settlement Agreement; determination that the certification of the collective was appropriate for the purpose of effectuating this Settlement Agreement; approval of the Settlement Agreement, judging its terms to be fair, reasonable, adequate and in the best interests of the Class Members and the Settling Parties, and directing its consummation in accordance with its terms; and (b) dismissal with prejudice of the Lawsuit, which shall provide for: (i) the entry of Final Judgment pursuant to Fed. R. Civ. P. 54 in this action dismissing all of the Plaintiff's claims, the Class' claims and the Collective's claims on the merits with prejudice, and without costs and attorneys' fees, and expenses (except as provided herein) with the exception of the claims of those Class Members who have timely filed a Request for Exclusion Form; (ii) a permanent injunction barring and enjoining the

8

Plaintiff, Class Members (with the exception of those Class Members who filed a Request for Exclusion Form) from asserting, commencing, prosecuting, or continuing any of the Released Claims (except the FLSA claims of those Class Members who do not cash their Settlement Check) against Defendant as set forth in this Settlement Agreement; (iii) the release by the Plaintiff and the Class Members (with the exception of those Class Members who filed a Request for Exclusion Form) of all Released Claims (except the FLSA claims of those Class Members who do not cash their Settlement Check) against Defendant; and (iv) dismissal of Defendant's Counterclaim against Plaintiff with prejudice.

8. **Releases.** Upon entry of the Judgment, the Parties shall be deemed to have provided the following Release of Claims:

    a. Upon entry of Judgments, the Plaintiff and all other Class Members, with the exception of those Class Members who submit a valid and timely Request for Exclusion Form, and each of their respective spouses, heirs, executors, representatives, administrators, guardians, beneficiaries, custodians, successors, assigns and anyone claiming by, through or under them, hereby release, extinguish and forever discharge Defendant and will be deemed to have released, to have extinguished and to have forever discharged Defendant from any and all liabilities, demands, claims, disputes, grievances, charges, actions, arbitrations, matters, claims for attorneys' fees, costs and expenses, causes of action and legal proceedings of any type, known or unknown, that they have, may have had, could have alleged, or did allege in the Lawsuit that relate to the payment or non-payments of wages, payment of overtime compensation or the failure to pay overtime compensation, including any such claims under the FLSA (insofar as the Class Members have opted-in to this settlement by negotiating their Settlement Checks) and the IMWL.

    b. The scope of the release given by the Plaintiffs and the Class is governed exclusively by this Article.

    c. Notwithstanding the foregoing, each Class Member acknowledges that, by accepting the Payment under this Settlement Agreement, they have fully and finally resolved and released any existing or potential claim for (1) unpaid minimum wages or overtime wages during their employment with Defendant during the time period between November 9, 2014 and October 30, 2017, and (2) for unpaid overtime wages due to being misclassified during their employment with Defendant as an "exempt" employee under federal or state law during the time period between November 9, 2014 and the date of this Agreement.

9. **Administration of Settlement and Distribution of Money.**

    a. Within seven (7) days after the Preliminary Approval Order, Counsel for Defendant will provide to Class Counsel the last known address for Class Members, and the Social Security Numbers for Class Members. Class Counsel agree to use this data solely for purposes of effectuating this Settlement Agreement and will comply with all state and federal laws that protect the privacy of current and former employees of Defendant.

b.  Within seven (7) days of receiving the Class List, Class Counsel shall cause a copy of the court approved written Notice of Settlement to be mailed to each person on the Class List by First Class Mail with proper postage prepaid to the best, last known address of each such individual.  Enclosed with the Notice of Settlement will be a copy of the court approved Request for Exclusion Form.  The Parties to the Lawsuits agree that any modifications to the Notice of Settlement or Request for Exclusion Form by the Court do not constitute grounds for rescission of this Settlement Agreement.  The right to execute and submit a Request for Exclusion Form may only be exercised by a Class Member or his/her legally designated representative or legal administrator.

c.  To be considered valid, all Request for Exclusion Forms must be completed, signed, and mailed by Class Members or their respective legal representative and postmarked no later than forty-five (45) days after the date the Notice of Settlement is mailed by Class Counsel.  All Request for Exclusion Forms shall be sent directly by Class Members to Class Counsel as set forth on the Request for Exclusion Form.  Class Counsel will certify to Defendant the date, names and addresses of those Request for Exclusion Forms that satisfied the requirements stated in this section of this Settlement Agreement.  If a Class Member fails to satisfy the requirements stated in this section of this Settlement Agreement, the Class Member's Request for Exclusion Form will be denied; unless the Settling Parties agree, in writing, to treat the same as a Request for Exclusion Form.  Class Counsel shall send written notice of rejection to any Class Member whose Request for Exclusion Form is denied with a copy of such notice of rejection and the rejected Request for Exclusion Form to Defendant.

d.  Within fourteen (14) days after the completion of all of the events referenced above in this paragraph 9, Class Counsel shall serve on Counsel for Defendant a certificate, under oath, that the aforesaid Notices of Settlement were mailed in accordance with the requirements of this Settlement Agreement, and the aforesaid certificate shall state the total number of notices mailed and the date of the mailing.  Notices of Settlement and enclosed forms returned to Class Counsel as non-delivered during the forty-five (45) day period for filing a Request for Exclusion Form shall be resent within seven (7) days to the forwarding address, if any, on the returned envelope.  If there is no forwarding address, Class Counsel shall promptly conduct a skip trace of the last known name, address and social security number, to locate any and all persons whose notice was returned as undeliverable, and, upon finding a new address of such person, promptly mail such person a new Notice of Settlement at the new address.  If, the second attempt to reach a class member is unsuccessful, class counsel can attempt to reach any such class member(s) by telephone or e-mail.  No less than sixty (60) days and no more than eighty (80) days after the entry of the Preliminary Approval Order, Class Counsel shall provide to the Defendant's counsel a certificate, stating under oath the number of Notices of Settlement that were returned as undeliverable, the number of new addresses that were found and the number of notices re-mailed to those new addresses.  Class Counsel shall also file this certificate with the Court. Upon completion of the above steps by Class Counsel, the Parties to the Lawsuits shall be deemed to have satisfied their obligation to provide the Notice of Settlement to each Class Member and each Class Member shall be bound by all the terms of the Settlement Agreement and the Court's Orders and final judgment(s) unless such Class Member submitted a timely Request for Exclusion Form.

Class Counsel shall retain all envelopes in which any Request for Exclusion Form is sent to it and any other evidence of the mailing or delivery date of such documents.

e.   The Notice Of Proposed Settlement shall include a statement that any Request for Exclusion Forms from Class Members and any objections to the Settlement Agreement must be signed and in writing. Objections must be mailed to Class Counsel and Defendant's Counsel to the address on the Notice of Proposed Settlement and postmarked on or before forty-five (45) days after the initial mailing of Notice of Settlement. Requests for Exclusion Forms must be mailed to Class Counsel and Defendant's Counsel at the address on the Notice of Proposed Settlement and postmarked no later than forty-five (45) days after the mailing of the Notice of Settlement. Any Objection to the Settlement Agreement not made in conformity with these requirements shall be deemed invalid and the Class Member will not be able to contest this Settlement Agreement at the Fairness Hearing. Any Request for Exclusion Form not in conformity with these requirements shall be deemed invalid and the Class Member will not be excluded from this Settlement Agreement. At no time shall Defendant, Class Counsel, or Counsel for Defendant seek to solicit or otherwise encourage Class Members to submit Objections to this Settlement Agreement or Request for Exclusion Forms. Class Counsel shall retain all envelopes in which any Objection or Request for Exclusion Form are sent to them and any other evidence of the mailing or delivery date of such documents.

f.   Within sixty (60) days after the mailing of the Notice of Settlement, Class Counsel shall prepare a list of the name and address of any Class Member who submitted a timely, valid Request for Exclusion Form ("Opt-Out List"). Within the aforesaid time period, Class Counsel shall provide to Counsel for Defendant copies of the Opt-Out List in the form of an Excel file, certified by Class Counsel to be correct and accurate, and PDF copies of the Request for Exclusion Forms submitted by the deadline. Class Counsel shall file the Opt-Out List and Request for Exclusion Forms with the Court within five (5) days after preparation.

g.   Within seventy (70) days after the mailing of the Notice of Settlement, Class Counsel shall submit to Defendant's counsel a "Final Class List," which shall provide the name and mailing address for every Class Member who did not file a Request for Exclusion Form. The list shall also provide the full pre-tax withholdings amount of the Payments to be made to each Class Member who did not file a Request for Exclusion Form. Within five (5) business days after preparing the Final Class List, counsel for the parties shall jointly move for leave to file the Final Class List under seal. As soon as practicable after the Court rules on the motion for leave to file under seal, Class Counsel shall file the Final Class List with the Court under seal if allowed by the Court or as a public document otherwise.

h.   Within seven (7) days prior to the Fairness Hearing, Class Counsel shall file a motion before the Court seeking, upon final approval of the Settlement Agreement at the Fairness Hearing a Judgment: (a) determining that the certifications of the Class and Collective were appropriate for the purpose of effectuating the Settlement Agreement; (b) approving this Settlement Agreement, judging its terms to be fair, reasonable, adequate and in the best interests of the Class Members and the Settling Parties, and directing its

consummation in accordance with its terms; (c) excluding from the Class each person who has timely submitted a valid Request for Exclusion Form; (d) approving, for purposes of calculating and making distributions under the terms of this Settlement Agreement to the individuals listed on the Final Class List, the amount to be paid to each individual as calculated pursuant to paragraph 5.b.; (e) approving the payment of attorneys' fees, costs and expenses referenced in Paragraph 10; and (f) providing for dismissal with prejudice of the Lawsuit.

i. Within ten (10) days following the Effective Date of the Settlement Agreement, the Class Counsel shall provide Counsel for Defendant with a report listing the amount of all payments to be made to each individual on the Final Class List.

j. Defendant shall issue the Enhancement Payment within twenty-one (21) days following the Effective Date of this Settlement Agreement. Defendant shall issue Payments to each Class Member who did not file a Request for Exclusion Form, in accordance with the monetary amount designated on the Final Class List, within twenty-one (21) days of the Effective Date of the Settlement Agreement. Defendant shall mail the checks by First Class Mail to each respective individual on the Final Class List at his or her last known address.

k. Within seven (7) days after the completion of the above-described mailing of the settlement checks, Counsel for Defendant shall provide Class Counsel with a certification that the settlement payments required by the Final Class List have been mailed.

l. For any Settlement Check returned as undeliverable, Defendant's counsel shall promptly contact Class Counsel so that Class Counsel can contact the Class Member at his or her last known phone number and, upon finding a new address for such person, notify Defendant's counsel who shall cause Defendant to mail the Settlement Check to the new address.

m. Upon presentation of letters of administration with respect to an estate of a deceased, disabled or incompetent Class Member on the Final Class List or other sufficient evidence of personal representation, Class Counsel shall notify Defendant's counsel of the same and Defendant shall promptly issue a check to Class Counsel in the amount of the Payment made payable to such representative for the Class Member without charge.

n. All Settlement Checks shall bear a prominent legend that the check must be cashed within one hundred and eighty (180) days after the date on which it is shown to have been drawn. If a check is not cashed within one hundred and eighty (180) days after the date on which it is shown to have been drawn, the settlement check will be void and a stop-payment order will be placed on such checks. All such voided settlement checks will be treated as part of the Reversion. Counsel for Defendant will advise Class Counsel, within fourteen (14) days of the conclusion of the above one hundred and eighty (180) day period, of all checks which were not cashed within the one hundred eighty (180) day period. All Settlement Checks shall also contain the following language below the signature line for endorsement of the Settlement Checks:

---

READ THIS BEFORE YOU CASH OR DEPOSIT THIS CHECK:

CONSENT TO JOIN FLSA COLLECTIVE ACTION AND FINAL RELEASE OF CLAIMS:

By endorsing, cashing, depositing or otherwise negotiating this check, I consent to opt into and join the FLSA collective action in the case entitled *Divine v. Volunteers of America of Illinois*, Case No. 17-CV-8127 now pending in the United States District Court for the Northern District of Illinois, Eastern Division, agree to be bound by the Settlement Agreement negotiated by Class Counsel in that case, and waive the release federal and state law claims set forth in the Notice of Proposed Class and Collective Action Settlement I received previously, and authorize Class Counsel to file this consent to join with the Court on my behalf.

_____
Signature

---

o.   Defendant shall be responsible for preparing and filing all IRS W-2 forms, IRS 1099 forms and sending said forms to the Class Members who receive a Payment.  Class Counsel and Counsel for Defendant have not provided and do not intend through this Settlement Agreement to provide legal advice regarding the tax treatment or liability of any Class Member with respect to the Payments.

p.   All disputes relating to the Class Counsel's performance of its duties in administering the claims shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement until all payments and obligations contemplated by this Settlement Agreement have been completed.

q.   Defendant shall forward to Class Counsel all cashed Settlement Checks so that Class Counsel may, not later than 210 days after the date on which the Settlement Checks have been drawn, file the back of the Settlement Checks containing the endorsement and signature so that the Court shall have a record of all those Class Members opting in to the FLSA collective action.  Class Counsel shall file the Settlement Checks under seal.

10.   Attorneys' Fees and Costs.

a.   All Class Counsel agree that the aggregate amount which shall be sought and awarded to all Class Counsel will not exceed $22,333.33 in attorneys' fees and costs. Defendant will not oppose a petition for costs as set forth above. Any award of attorneys' fees, costs and expenses shall be part of the $67,000.00 Settlement Fund and not a separate payment in addition to this amount.

b.   Within twenty-one (21) days of the Effective Date of this Settlement Agreement, Defendant shall pay the fee awards approved by the Court in full satisfaction of Plaintiff's and the Class's claims for attorneys' fees, expenses, and costs incurred in

connection with the Lawsuits. The checks shall be made payable to each of the various Class Counsel in the amounts awarded by the Court. Class Counsel agree to provide Defendant with completed W-9 forms within thirty (30) days of the Preliminary Approval Order.

c. Should the Court for whatever reason reduce the amount of attorneys' fees and/or costs and expenses to which it believes any Class Counsel is entitled, this Settlement Agreement will remain in effect and will not be deemed null and void.

11. Effective Date and Termination of Settlement Agreement.

a. Subject to the provisions of paragraphs 11 b. & c. below, the Effective Date of the Settlement Agreement shall be the first date by which all of the following events and conditions shall have occurred:

    i. Execution of this Settlement Agreement by all signatories hereto;

    ii. The Court has preliminarily approved this Settlement Agreement, certified the Class Action and Collective Action, and approved the method for providing the Notice of Settlement and content of the Notice of Settlement by entry of the Preliminary Approval Order;

    iii. The Court has entered judgment(s) in the Lawsuit pursuant to Fed. R. Civ. P. 54, described in Article VII; and

    iv. The Judgment(s) in the Lawsuit has become Final as defined in paragraph 1. In this regard, it is the intention of the Parties to the Lawsuit that this Settlement Agreement shall not become effective until the Court's Judgment(s) approving this Settlement Agreement is completely final, and there is no further recourse by an appellant or objector who seeks to contest this Settlement Agreement.

b. If any of the conditions specified in paragraph 11(a) herein are not met, then the Settlement Agreement shall be cancelled and terminated unless otherwise mutually agreed to in writing by the Settling Parties.

c. If this Settlement Agreement is not approved by the Court, or if the Effective Date does not occur, then this Settlement Agreement shall be cancelled and terminated and shall not be used in the Lawsuits or in any other proceeding or for any other purpose, and any judgments or orders entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated *nunc pro tunc.* The Settling Parties shall revert to their respective positions as though this Settlement Agreement had never been executed.

d. Defendant does not consent to certification of the class actions or collective actions for any purpose other than to effectuate the settlement of the Lawsuit. If this Settlement Agreement is terminated pursuant to its terms or the Effective Date for any reason does not occur, the Orders certifying the Class Action and Collective Action and all preliminary or final findings regarding the Court's certification orders shall be automatically vacated upon notice to the Court of the termination of the Settlement

Agreement or the failure of the Effective Date to occur, and the Lawsuit shall proceed as though the Class and Collective had never been certified and such findings had never been made.

12. Other Settlement Provisions.

    a.  Where notice is required to be provided or where materials are required to be sent to Class Counsel or Counsel for Defendant by the Claims Administrator, then such requirements shall be satisfied by providing such notice or sending such materials to:

In the case of Defendant:

McMahon Berger, P.C.
Attn: Bryan D. LeMoine, 6275358
2730 North Ballas Road, Suite 200
P.O. Box 31901
St. Louis, MO 63131-3039
lemoine@mcmahonberger.com

In the case of Plaintiff, the Class, and Class Counsel:

GINGRAS, CATES & WACHS
Attorney Paul Kinne
8150 Excelsior Drive
Madison, WI 53717
T:  (608) 833-2632
E:  kinne@gcwlawyers.com

AXLEY BRYNELSON
Attorney Michael J. Modl
2 E. Mifflin St., Ste. 200
Madison, WI 53703
T: (608) 257-5661
E: mmodl@axley.com

WALKER WILCOX MATOUSEK
Attorney Thomas G. Griffin
One N. Franklin St. Ste. 3200
Chicago, IL 60606-3610
T: (312)244-6785
E: tgriffin@wwmlawyers.com

    b.  The Plaintiff, Defendant, Class Counsel, and Counsel for Defendant will use their best efforts to ensure that any factual statements they make to any third party (including the media) are accurate.

c.  Appropriate withholding of federal, state, and local income taxes, and the appropriate employee share of FICA and Medicare taxes will be made from the portion of the Payments that are apportioned as wages and said withholdings will be deducted from the Net Settlement Amount.  No deductions shall be made from the Enhancement Payment or the portion of the Payments that are apportioned as non-wages.  The employer's share of FUTA, FICA, and Medicare taxes shall be paid by Defendant and not deducted from the Settlement Fund.  To the extent permissible by federal regulations, the amount of federal income tax withholdings will be based upon a flat withholding rate for supplemental wage payments of 25 percent.  Income tax withholding will also be made pursuant to applicable state and/or local withholding codes or regulations.

d.  The prevailing party in any dispute to enforce the terms of this Settlement Agreement shall be entitled to their reasonable attorneys' fees and costs from the non-prevailing party.

e.  Defendant will provide the required notice of the settlement to the appropriate State and Federal officials as required under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  The CAFA notice will be sent no more than ten (10) days after entry of the Preliminary Order of Approval by the Court.

f.  This Settlement Agreement shall be binding upon and inure to the benefit of the Settling Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

g.  If any individual or entity objects to or appeals the approval of this Settlement Agreement, the Parties to the Lawsuit shall support and defend the propriety of and approval of this Settlement Agreement.

h.  If the Settlement Agreement is not preliminarily or finally approved, whether by reason of an order of the United States District Court for the Northern District of Illinois or of any appellate court or for any other reason, then the Releases contained herein shall be null and void and any and all further undertakings of the Parties under this Settlement Agreement shall be excused.

i.  Neither the making of this Settlement Agreement nor anything stated in this Settlement Agreement shall be construed as an admission by Defendant of any fact alleged by Plaintiff or Class Members or of the merits of any claim of liability, Defendant expressly denying all such facts and claims of liability. Neither the making of this Settlement Agreement nor anything stated in this Settlement Agreement shall be construed or used as an admission by Plaintiff or any of the Class Members of any fact alleged by Defendant in the Lawsuit or of the merits of any defense, Plaintiff and the Class Members expressly denying all such facts and claims of defense. The Settlement Agreement shall not constitute evidence of any violation of law by Defendant.  Neither this Settlement Agreement nor any statements made or documents exchanged solely for settlement of the Lawsuit, nor any documents filed by the Settling Parties in connection with this settlement shall be admissible or offered into evidence in the Lawsuit or any other action

16

for any purpose other than for purposes of enforcing or construing this settlement or as agreed by the Settling Parties.

j. The Settling Parties acknowledge that they are entering into this Settlement Agreement voluntarily and that it is his, her, its or their intent to consummate this Settlement Agreement and agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and exercise best efforts to establish the foregoing terms and conditions of the Settlement Agreement. The Settling Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy negotiations and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in the drafting of this Settlement Agreement.

k. Upon execution of this Settlement Agreement, all discovery and other proceedings in the Lawsuit shall be stayed until further order of the Court, except such proceedings as may be necessary to implement the settlement or comply with or effectuate the terms of this Settlement Agreement.

l. This Settlement Agreement constitutes the entire agreement among the Settling Parties and supersedes all prior and contemporaneous agreements or understandings between the Settling Parties with respect to the subject matter hereof, and any and all prior correspondence, conversations or memoranda between the Settling Parties are merged herein and are replaced hereby; provided, that any agreement by or understanding of Plaintiff and Class Members concerning the confidentiality of the information of those served by Defendant shall remain in full force and effect. This Settlement Agreement may not be altered or amended except by a written instrument that has been approved by an order of the United States District Court for the Northern District of Illinois.

m. The Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement. The terms of this Settlement Agreement are and shall be binding upon and inure to the benefit of each of the Settling Parties in accordance with the Released Claims as described in paragraph 8. No provision of this Settlement Agreement shall provide any rights to, or be enforceable by, any person or entity that is not one of the Settling Parties except legally authorized and appointed representatives of a party.

n. If any part, sub-part, section, paragraph, sub-paragraph, sentence, clause or term of this Settlement Agreement or the application of same to any person or circumstance is, for any reason, judged by any court to be unenforceable or contrary to law, or if the enactment or amendment of any federal or state statute, order, ordinance or regulation renders any provision of this Settlement Agreement unenforceable or contrary to law, such judgment, enactment or amendment shall not affect, impair or invalidate the remainder of this Settlement Agreement, provided that such portion of this Settlement Agreement that has or may become unenforceable is not a material part or the essence of any party's bargain hereunder.

o. The promises, agreements, obligations, undertakings, representations, and warranties set out herein shall survive the closing of this Settlement Agreement, the releases contained herein, and the judgment of dismissal to be entered.

p. The Settling Parties agree that any claim that Defendant has breached this Agreement will not renew or reinstate the underlying claims released by this Agreement.

q. This Settlement Agreement, and the rights and obligations of the Settling Parties, shall be construed and enforced in accordance with the laws of the State of Illinois as to substance and procedure, including all questions of conflicts of laws.

r. The undersigned counsel and individuals are fully authorized to execute and enter into the terms and conditions of this Settlement Agreement on behalf of their respective clients. It is agreed that because the number of Class Members is numerous, it is impossible or impractical to have each Class Member execute this Settlement Agreement. The Notice of Settlement will advise all Class Members of the binding nature of the release, and the release shall have the same force and effect as if this Settlement Agreement were executed by each Class Member who does not submit a timely, valid Request for Exclusion Form.

s. This Settlement Agreement may be signed in single or separate counterparts, each of which shall constitute an original. Fax or electronically transmitted signatures will be binding on all of the Parties hereto.

<SIGNATURE PAGE FOLLOWS>

| For the Defendants | For the Plaintiff and the Class |
|---|---|
| MCMAHON BERGER, P.C., | GINGRAS, CATES & WACHS |
| _____ | _____ |
| Bryan D. LeMoine, 6275358<br>2730 North Ballas Road, Suite 200<br>P.O. Box 31901<br>St. Louis, MO 63131-3039<br>(314) 567-7350 – Telephone<br>(314) 567-5968 – Facsimile | Paul Kinne<br>8150 Excelsior Drive<br>Madison, WI 53717<br>T:  (608) 833-2632<br>E:   kinne@gcwlawyers.com |
| **THE LAW OFFICE OF TERRENCE BUEHLER** | AXLEY BRYNELSON |
| _____ | _____ |
| Terrence Buehler<br>20 North Clark Street, Suite 800<br>Chicago, IL 60602 | Michael J. Modl<br>2 E. Mifflin St., Ste. 200<br>Madison, WI 53703<br>T: (608) 257-5661<br>E: mmodl@axley.com |
| Attorneys for Defendant<br>Volunteers of America of Illinois | WALKER WILCOX MATOUSEK |
| | _____ |
| | Thomas G. Griffin<br>One N. Franklin St. Ste. 3200<br>Chicago, IL 60606-3610<br>T: (312)244-6785<br>E: tgriffin@wwmlawyers.com |
| | Attorneys for Plaintiff Taylor Divine and Others Similarly Situated |
| | Taylor Divine |
| | _____<br>Printed Name |
| | _____<br>Signature |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TAYLOR DIVINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Case No.:  1:17-cv-08127** |
| | ) | |
| **VOLUNTEERS OF AMERICA OF** | ) | |
| **ILLINOIS** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

**If you worked as a Case Manager or Case Worker
at VOA of Illinois ("VOA of Illinois") at any time between November 9,
2014 and October 30, 2017 you will be entitled to monetary benefits
under this Settlement if the Settlement is approved by the Court in
the amount of at least $_____.**

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.**
**This is not a solicitation from a lawyer.  A Federal Court has authorized this Notice.**

Taylor Divine (the "Class Representative") brought a Lawsuit against VOA of Illinois on behalf of herself and similarly situated Case Managers and Case Workers (the "Class members") who performed work at VOA of Illinois as exempt employees.  The Lawsuit seeks overtime pay for employees of VOA of Illinois.

For settlement purposes, the Court certified this case as a class action and collective action on behalf of all Case Managers and Case Workers who worked at VOA of Illinois between November 9, 2014 and October 30, 2017.  Any individual who worked as a Case Manager or Case Worker at VOA of Illinois during this period is a member of the Class and is receiving this Notice of Settlement.

**EXHIBIT**

**2**

1

This Notice is to inform you about the status of the Lawsuit, including your right to receive a share of the Settlement funds. **Your legal rights are affected, and you have a choice to make in this action now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| BE A MEMBER OF THE CLASS AND PARTICIPATE IN THE SETTLEMENT DISTRIBUTION | If you were a Case Manager or Case Worker at VOA of Illinois between November 9, 2014 and October 30, 2017, you are automatically a member of the Class. If you do nothing, you will remain a member of the Class, you will be bound by the terms of the Settlement Agreement, and you will receive the monetary payment set forth above. |
| EXCLUDE YOURSELF BY [DATE] | You will be unable to participate in the Settlement if you choose this option, but you will retain any rights you may have against VOA of Illinois regarding the claims in this Lawsuit. You must request to be excluded in the manner described in paragraph 9.B below. |
| OBJECT BY [DATE] | If you do not exclude yourself from the Settlement but wish to object to the Settlement or any of its terms, you may submit an objection in the manner described in paragraph 9.C below. |
| ATTEND THE FAIRNESS HEARING SCHEDULED FOR [DATE] | Ask to testify in open Court about the fairness of the Settlement. |

## 1. What is this Lawsuit about?

On November 9, 2017, the Class Representative filed the Lawsuit in United States District Court for the Northern District of Illinois on behalf of herself and other similarly situated Case Managers and Case Workers who work at or have worked at VOA of Illinois. The Lawsuit alleged violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Specifically, the Class Representative claimed that VOA of Illinois employees in the positions of Case Manager or Case Worker were misclassified as exempt from overtime laws.

The Class Representative alleged that Case Managers and Case Workers working at VOA of Illinois are entitled to overtime pay that they did not receive. VOA of Illinois has denied and continues to deny the allegations in the Lawsuit and contends that the Class Representative and Class members were properly classified as "exempt" from overtime pay requirements. The parties wish to settle this Lawsuit, however, to avoid costly and time-consuming litigation without either party admitting to any wrongdoing or fault.

## 2. Who is included in the Settlement Class?

The following Settlement Class has been certified:  Individuals who were employed by Volunteers of America of Illinois in the positions of Case Manager or Case Worker for the period of November 9, 2014 through October 30, 2017 and who were treated as exempt from overtime requirements under federal and state wage and hour law.

| 3. | What are the Benefits and Terms of the Settlement? |
|---|---|

To settle this case, VOA of Illinois has agreed to pay a total of **$67,000** ("Settlement Fund"), inclusive of all alleged unpaid overtime wages, liquidated damages, penalties, interest, costs and attorney's fees.  After deducting attorney's fees, costs and payments to the Class Representative to compensate her and her attorney for their time invested in this case, risk and effort in bringing this action, there will be approximately $42,667.00 left to distribute to Class members.

If the Court approves this Settlement, and you do not exclude yourself from the Settlement, you will be entitled to receive a payment. This amount will be determined based on a formula that takes into account the number of workweeks during which you worked at least 40 hours for VOA of Illinois in a covered position of exempt Case Manager or exempt Case Worker for the period of November 9, 2014 through October 30, 2017.  Class member individual payments will then be determined by multiplying the amount of such workweeks during which you worked at least 40 hours by the amount of $ _____.

As part of the Settlement by which all Class members are bound, you will release VOA of Illinois from all wage and hour claims of any kind whatsoever (including FLSA claims if you cash your settlement check, that were asserted by the Class Representative in this Lawsuit, or could have been asserted (whether known or unknown) that in any way relate to, were asserted by, or could have been asserted by, the Class Representative in the Lawsuit regarding all alleged unpaid wages, liquidated damages, penalties, interest, costs, attorney's fees, or any other relief against VOA of Illinois.

| 4. | Who is Class Counsel? |
|---|---|

The Court appointed the following lawyers as Class Counsel to represent the certified Settlement Class:

| GINGRAS, CATES & WACHS | AXLEY BRYNELSON | WALKER WILCOX MATOUSEK |
|---|---|---|
| Attorney Paul Kinne | Attorney Michael J. Modl | Attorney Thomas G. Griffin |
| 8150 Excelsior Drive | 2 E. Mifflin St., Ste. 200 | One N. Franklin St. Ste. 3200 |
| Madison, WI 53717 | Madison, WI 53703 | Chicago, IL 60606-3610 |
| T:  (608) 833-2632 | T: (608) 257-5661 | T: (312)244-6785 |
| E:  kinne@gcwlawyers.com | E: mmodl@axley.com | E: tgriffin@wwmlawyers.com |

| 5. | How much are Attorney's Fees? |
|---|---|

Class Counsel has not yet received any payment of fees or any reimbursement of their out-of-pocket expenses related to this Lawsuit. As part of the Settlement, subject to Court approval, Class Counsel will petition the Court for an award of attorney's fees and expenses in the amount of $22,333.00 (roughly 33% of the Settlement). Under this Settlement, Class Counsel will recover compensation from the Settlement Fund. Participating Class members will not be required to make any payments to Class Counsel for attorney's fees or other litigation costs from their individual settlement amounts.

## 6. What happens if the Court Approves the Settlement?

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Lawsuit with prejudice and on the merits as to all Class members who do not exclude themselves. This means that Class members who do not exclude themselves will be barred from bringing their own lawsuits for recovery against VOA of Illinois for all federal and Illinois state unpaid wage claims (including FLSA claims if you cash your settlement check) that arose in the course of such Class member's employment with VOA of Illinois as a Case Manager or Case Worker.

Class members who complete and submit a timely Request for Exclusion Form, will not release any federal or Illinois state wage and hours claims.

## 7. What happens if the Court does not approve the Settlement?

If the Court does not approve the proposed Settlement, the Lawsuit will proceed as if no settlement has been attempted, and in this event, there can be no assurance that the Class will recover more than what is provided for in this Settlement, or indeed, anything.

## 8. When is the Fairness Hearing?

The Fairness Hearing will take place on _____ at _____ p.m. in the United States District Court for the Northern District of Illinois in Courtroom 2541 in front of Chief Judge Ruben Castillo, located at 219 South Dearborn Street, Chicago, Illinois.

## 9. What are my options regarding the Settlement?

If you are receiving this Notice, you have the following options:

      A. **Participate in the Settlement:** To participate, you do not have to do anything. Settlement checks will be distributed to you as described in Paragraph 3 above if the Court provides final approval of the settlement. The checks will be issued to the addresses on file for each Class member. If your address has changed since you last worked for VOA of Illinois, or changes between the time of receiving this notice and the mailing of the settlement checks, contact Class Counsel with an updated address. If you endorse and cash your settlement check, it will be considered by the Court as your decision to opt in to the FLSA collection action and, as

a result, you will waive any claims against VOA of Illinois under the FLSA by cashing your settlement check.

      B.      **Request to be Excluded:**  If you wish to be excluded from the Settlement Class, you must complete and sign the enclosed Request for Exclusion Form, postmarked no later than _____. .  Your request must be mailed to Attorney Paul Kinne at 8150 Excelsior Drive, Madison, WI 53717.  **If you exclude yourself, you will <u>not</u> receive any money from the Settlement.**

Failure to complete and timely submit the Request for Exclusion Form will result in your remaining a member of the Settlement Class and being bound by any final judgment.  If you do complete and timely submit a Request for Exclusion Form, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against VOA of Illinois related to the subject matter of this Lawsuit.

      C.      **Object:**  If you are a Class member, and you do not complete and timely submit a Request for Exclusion Form, you may object to the terms of the Settlement including the Class Counsel's requests for attorney's fees and expenses.  If you object, and the Settlement is approved, and you fail to complete and timely submit a Request for Exclusion Form, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement (including FLSA claims if you cash your settlement check), and you will be bound by the final judgment and release and all orders entered by the Court.  You may, but need not, enter an appearance through counsel of your choice.  If you do, you will be responsible for your own attorney's fees and costs.

If you object to the Settlement, you must, on or before _____ serve upon Attorney Paul Kinne at 8150 Excelsior Drive, Madison, WI 53717 (Class Counsel), and Attorney Bryan D. LeMoine, McMahon Berger PC, 2730 North Ballas Road, Suite 200, St. Louis, MO 63131 (VOA of Illinois' counsel) **a written objection** including (i) your full name, address and telephone number, (ii) your dates of employment and job title(s) while you worked at VOA of Illinois, (iii) a written statement of all grounds for the objection accompanied by any legal support for such objections; (iv) copies of any documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; (vi) a statement of whether you intend to appear at the Fairness Hearing; and (vii) your signature, even if you are represented by counsel.  If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.  Settlement Class members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal the Court's approval of the Settlement.

**10. Are there more details available?**

For additional information you may contact Class Counsel by (a) calling Attorney Paul Kinne at 608-833-2632 or Attorney Michael Modl at 608-283-6702, or (b) emailing at

kinne@gcwlawyers.com or at mmodl@axley.com or (c) sending correspondence to Paul Kinne at 8150 Excelsior Drive, Madison, WI 53717, or Michael Modl at 2 E. Mifflin St. Ste. 200, Madison, WI 53703.

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT.**

## REQUEST FOR EXCLUSION FORM

I hereby wish to opt out of the settlement between Taylor Divine and Volunteers of America of Illinois.  I understand that by opting out of the settlement, I will receive no proceeds under the terms of the Settlement, but retain my right to bring a separate lawsuit.

Dated this _____ day of _____, 2018.

_____
Sign here

_____
Print your name here

In order to opt out of the settlement, you must complete and return this form.  The envelope containing your signed form must be post-marked by _____; and must be sent to the following address:

Paul A. Kinne
Gingras, Cates & Wachs
8150 Excelsior Drive
Madison, WI 53717

**EXHIBIT**

**3**

exhibitsticker.com